**\*E-FILED 11/15/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERCUT-VANDERVOORT & CO., | NO. C 05-5122 JF (RS) |
| Plaintiff, | **ORDER GRANTING MOTION FOR PROTECTIVE ORDER** |
| v. | |
| MAISON TARRIDE LEDROIT & CIE, | |
| Defendant. / | |

## I. INTRODUCTION

Defendant Maison Tarride Ledroit & Cie ("MTL") seeks a protective order relieving it from complying with a deposition notice under Rule 30 (b) (6) of the Federal Rules of Civil Procedure, setting the place of deposition in California. MTL argues that the deposition should go forward only in France, at its principal place of business. Because plaintiff Bercut-Vandervoort & Co. ("BVC") has failed to show that sufficient reasons exist to depart from the ordinary rule that 30 (b) (6) depositions are to be taken where the party's place of business is located, the motion will be granted.

## II. BACKGROUND[1]

On September 6, 2006, BVC served a deposition notice on MTL under Rule 30 (b) (6)

---

[1] The general factual background of this action has been described in a prior order and will not be repeated here.

1

specifying thirty-seven topics of inquiry.  The notice called for the deposition to take place at the offices of BVC's counsel in San Francisco.  BVC believes that MTL ultimately will designate a single individual to testify on all topics–its "managing director," Philippe de Boisredon.  MTL states that although it has not yet "determined precisely" which or how many of its employees it will designate to testify, it "expects to produce Mr. de Boisredon and at least one other witness."

## III.  DISCUSSION

The parties vigorously dispute the legal standards governing controversies over the location of Rule 30 (b) (6) depositions, but in actuality there is no conflict between the cases that each side cites.  MTL is correct that a 30 (b) (6) deposition presumptively should take place at or near the party's principal place of business; the case on which BVC places most emphasis agrees:

> The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business.

*Cadent Ltd. v. 3M Unitek Corporation*, 232 F.R.D. 625, 628 (C.D. Cal 2005) (quoting Wright, Miller & Marcus, Federal Practice and Procedure:  Civil 2d § 2112 at 84 (1994 rev.)).

Here, there is no dispute that MTL's principal place of business is Bordeaux, France.  Although BVC makes much of the fact that MTL is "actively doing business in the United States," that serves only to support *jurisdiction* over MTL in this action; BVC cannot and does not contend that San Francisco is MTL's  "principal place of business" for purposes of evaluating where its deposition should take place.

Rather, BVC relies on the recognition in case law that various factors can "dissipate the presumption" that a corporate deposition should take place near that corporation's principal place of business and thereby  "persuade the Court to require the deposition to be conducted in the forum district or some other place."  *Cadent*, 232 F.R.D. at 628 -29.[2]  As listed by the *Cadent* court,

---

[2]  MTL faults BVC for asserting that there exists a "Ninth Circuit test" for evaluating disputes like this.  MTL is correct that BVC cited only cases from only other districts *within* the Ninth Circuit, but BVC did not represent that there was controlling appellate precedent. In any

2

> [t]hese factors include location of counsel for the parties in the forum district, the number of corporate representatives a party is seeking to depose, the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; whether the persons sought to be deposed often engage in travel for business purposes; and the equities with regard to the nature of the claim and the parties' relationship.

232 F.R.D. at 629 (citations omitted).

In this case, the only factor that might weigh significantly in favor of requiring the deposition to take place here is the possibility that there will be disputes requiring court intervention. To presume, however, that there is a *likelihood* of such disputes would not give sufficient credit to the professionalism of counsel or to the importance the Court attaches to the obligations parties have to attempt to resolve disputes between themselves whenever possible.

It is true that counsel of record for both sides are located in this forum. As MTL points out, however, it would hardly be fair to use the fact that it responded to BVC's lawsuit by hiring local counsel as a factor favoring a 30 (b) (6) deposition in this district. As to the frequency with which MTL's employees "often engage in travel for business purposes," MTL has adequately shown that Mr. de Boisredon would have to make an unscheduled trip to this venue to be deposed, regardless of how frequently he otherwise travels to this country. Additionally, even though MTL has not firmly committed to the position that it will need to designate another deponent in addition to Mr. de Boisredon, it has shown that likely will be the case and that no such designee otherwise regularly travels here.[3]

More fundamentally, the overall equities simply do not favor a departure from the ordinary rule. As MTL points out, in *Cadent*, the foreign party opposing a deposition in the forum *was the*

---

event, while courts in numerous jurisdictions have reached different results based on the factual circumstances presented, no conflict in the law is apparent. MTL is correct that there is a "general rule" and BVC is correct that some circumstances may warrant a departure from that rule.

[3] At the hearing, MTL represented that it expects to designate at least one witness other than Mr. de Boisredon to testify on topics as to which Mr. de Boisredon has little day-to-day involvement, and that the only remaining uncertainty is *which* MTL employee or employees will be so designated. As discussed at the hearing, MTL shall make that determination and disclose its designation to BVC within one week of the date of this order.

3

*plaintiff* who had chosen to bring suit in the forum.[4]  In contrast, here MTL is a defendant who may be subject to personal jurisdiction in this forum as a result of its business activities, but did not choose to sue here.  Furthermore, MTL has submitted specific, factual declarations regarding the size and nature of its operations, and the burden it would suffer if one or more of its employees were required to travel to this forum for deposition. *Cf. Cadent*, 232 F.R.D. at 629 ("neither party has provided the Court with declarations from its corporate officers attesting to either the expense or undue burden.")   Finally, MTL has stipulated that the deposition in France may be conducted under the provisions of the Federal Rules of Civil Procedure, without resort to the Hague Convention.  Under these circumstances and on this record, MTL has adequately established good cause for issuance of a protective order.

## IV.  CONCLUSION

The motion for a protective order is granted.  Any Rule 30 (b) (6) depositions of MTL shall take place at or near its place of business in Bordeaux, France.

IT IS SO ORDERED.

Dated: November 15, 2006

RICHARD SEEBORG
United States Magistrate Judge

---

[4] Other factual distinctions exist. For example, the *Cadent* court noted, "Israel may be a dangerous place to hold the depositions." 232 F.R.D. at 630.  Even though most places in the world are perhaps now perceived as "dangerous," there is no suggestion that Bordeaux is any more dangerous than San Francisco.

ORDER
C 05-5122 JF (RS)

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Lila Inayat Bailey     lbailey@perkinscoie.com

Anne Elizabeth Kearns     akearns@kksrr.com, alau@kksrr.com

Kenneth E. Keller     kkeller@kksrr.com, alau@kksrr.com

Michael H. Rubin     mrubin@perkinscoie.com, sandrews@perkinscoie.com

Kenneth B. Wilson     kwilson@perkinscoie.com, eeberline@perkinscoie.com; sshanberg@perkinscoie.com; wriggs@perkinscoie.com; lbailey@perkinscoie.com; dhellmoldt@perkinscoie.com; mrubin@perkinscoie.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 11/15/06**                                                                 **Chambers of Judge Richard Seeborg**

**By:**     **/s/ BAK**

ORDER
C 05-5122 JF (RS)